Chief Justice Robertson,
delivered the opinion of the court.
Abner A. IIamo-ton sued Edmund Bishop as^. administra! or, and heir of John Bishop, deceased, charging in several counts, an assumpsit by the intestate, and by Edmund Bishop, as administrator, and as heir.
Issues were taken on non-assumpsit; plena adminis-travit, and “riens per desemt prat erf what had been applied to other debts of the ancestor. The replication to the plea of plene administrate, is, that the administrator had not fully administered. The replication to the plea by the heir, is that estate had decended to him, “which he should have applied to theplaintiff''s demand..n
The jury found §100 in damages, and that “ the defendant has assets in his hands sufficient, to pay it.’’’’
On this verdict, a judgment “de bonis propriisf was rendered.
The judgment cannot he disturbed for error in its form, as no such error has been complained of, or is embraced"injthe assignment of errors.
The declaration is substantially good, especially after verdict. But if (as is contended) the last count he insufficient, as the others are good, a general verdict may therefore be \ alid.
The replications to the second and third picas are good in substance, and the issues are. not immaterial. It was not necessary to reply, that assets or estate had come to the administrator or heir, sufficient to pay the. demand. Neither an administrator, nor an heir is now liable beyond the amount of assets accrued, or estate descended. If there be no assets, the judgment should be uquando acciderintf against the personal representative.
If there he assets or estate sufficient to pay the amount of the damages assessed, the judgment should *549 be for the whole amount to be levied of the one or the other, or of both, as the case may be. But if the assets and estate should not be equal to the damages, their precise amount should be ascertained, and judgment rendered, pro tanto, and for the residuum “quando ac-ciderint” against the administrator. If there was any estate which ought to have been applied to the payment of Hamilton’s claim, the pleas were false, and he was entitled to a judgment to be levied forthwith to the extent of such estate; and therefore, the issues were not immaterial.
Verdict vs ?íluii?Ísfttr.ator dámages'and that nhe de-findant has ^nd.^suffi-nenttopay it,' is valid. General role, that the be precisely ascertained by the verdict ^ben íess5"’ than the debtor damages, secus, if more
Nor is the verdict invalid on account of any alleged uncertainty. As the jury found that the assets were sufficient to pay the damages, it was unnecessary to ascertain the precise amount of assets or estate. It is a general rule, that, in such a case, the amount of assets should be ascertained. But this is necessary for only one purpose, and that is, that the court should know whether to render judgment to be levied at once, for the whole amount of damages assessed, and should also know how to render judgment, if the assets be not equal to the damages.
If the assets be equal to, or exceed the amountof the damages or debt, it is not material what their precise amount may be. Judgment must be rendered for the whole amount of the damages or debt, to be levied of the assets or estate which had come to the administrator, or to the heir. But if the assets should be less than the damages or debt, their exact amount should be ascertained by the verdict, because otherwise, the court would not know how to give judgment.
When the amount of assets is less than the debt, the court will render judgment pro tanto, to be levied of the assets, so found by the jury, and for the remainder of the debt to be levied of assets whenever they shall ac- , crue. Therefore, the precise amount of assets should be found, when that amount is less than the amount of the debt or damages. But such a finding is not necessary, when the verdict ascertains that the assets ■ are sufficient to pay the debt or damages. Such is the reason of the rule of law, and such is also the effect of former adjudications. See Booth’s executors vs. Armstrong, II Washington, 301; and Fairfax’s executor vs. Fairfax, V Cranch, 19.
Penny, for plaintiff; Monroe, for defendant.
Finding that the assets are sufficient to pay §100, is virtually finding that they are equal to, or exceed §100. Such a finding is therefore sufficient.
The verdict imports, according to our construction of it, that the plaintiff in error, had both as administrator and as heir, enough in his hands to pay the damages. But if this be not the proper construction, the verdict is, nevertheless, sufficiently certain. As the same person is both the administrator and heir, it is not material to him whether as administrator or as heir, he is chargeable. If, as administrator, he has assets, he should appropriate them in discharge of the judgment. If he had fully administered, but has estate as heir, he should pay the judgment as heir. In whatever character, or with whatever fund, he may satisfy this judgment, hereafter the judgment cannot avr.il him in any other suit by another creditor, except so far as to show that he paid the amount of it. If he pay it as administrator, he will be entitled, in that character, to a credit for it. If he pay it as heir, he may be exonerated, as heir, to that extent; and as he would be bound, in another suit by another creditor, to show that he had nothing either as heir or as administrator, before he could escape ajudgment for whatever might be due by the intestate, it cannot be material to him in what character he shall discharge this judgment. If, after satisfying it, he shall have nothing left either as administrator or as heir, he will be no further liable. But if, in either character, he shall still retain anji thing, to that extent he will be responsible. If the jury had found expressly, that as heir, and also as administrator, he had sufficient assets, it might be uncertain in what character, or out of what fund he would pay the judgment, and a finding that he had no assets in the one character or in the other, would be no evidence against another creditor.
Wherefore, the verdict, according to any allowable interpretation of it, is sufficiently certain; and therefore, the judgment is affirmed.